Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Eric A. Hyde;<br><br>    Plaintiff,<br><br>v.<br><br>Affiliated Business Consultants, Inc.;<br><br>    Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**Preliminary Statement**

1. Defendant obtained the plaintiff's credit report in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiff seeks monetary, declaratory and injunctive relief.

**Jurisdiction and Venue**

2. Jurisdiction over this action is premised upon 15 U.S.C. § 1681p and 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) in that the

1  defendant's conduct complained of occurred here.

2  **Parties**

3  4.  Plaintiff is an individual who resides in Maricopa County, Arizona.

4  5.  Defendant Affiliated Business Consultants, Inc. ("ABC") is a Colorado
5  corporation soliciting and conducting business within the state of
6  Arizona.

7  **Factual Allegations**

8  *The Impermissible Access*

9  6.  In or about November 2014, Mr. Hyde contacted ABC to explore a
10  service on its website which matches business buyers with business
11  sellers.

12  7.  Mr. Hyde had earlier attempted to register on ABC's website, but the
13  website was not working properly, so he called ABC directly to regis-
14  ter.

15  8.  Shortly thereafter, on or about December 4, 2014, ABC obtained a
16  consumer report (hereinafter "consumer report" or "credit report") on
17  Mr. Hyde from Equifax Information Services LLC, a national con-
18  sumer reporting agency.

19  9.  The consumer report obtained by ABC is a "consumer report" as that
20  term is defined by 15 U.S.C. § 1681a(d).

21  10. At no time during his phone conversation(s) with any ABC representa-
22  tive, did ABC clearly convey to Mr. Hyde that it would request a credit
23  report on him.

24  11. At no time was Mr. Hyde asked for his date of birth or his Social
25  Security Number, nor was this information provided to ABC.

- 2 -

12. At no time did Mr. Hyde provide ABC with written instructions authorizing ABC to obtain a consumer report on him.

13. At no time did Mr. Hyde inquire about credit, or initiate any credit transaction with ABC.

14. At no time did Mr. Hyde initiate a consumer transaction with ABC.

15. Any dealings Mr. Hyde had with ABC were purely commercial in purpose and were not primarily for personal, family or household purposes.

16. At no time did Mr. Hyde initiate a business transaction with ABC affording it a basis for acquiring a consumer report.

17. At no time did ABC have a legitimate business need for obtaining a consumer report on Mr. Hyde.

18. At no time did ABC have a permissible purpose for obtaining a consumer report on Mr. Hyde in December 2014.

19. At the time ABC made its inquiry, it knew that it did not have a permissible purpose to access Mr. Hyde's consumer report.

20. The actions of ABC complained of herein caused harm and damages to Plaintiff within the State of Arizona.

21. ABC knew that its actions in obtaining a consumer report on Mr. Hyde without a permissible purpose would cause Mr. Hyde harm and damages within the State of Arizona.

**Count I.   Violation of FCRA**

*Willfully Obtaining Consumer Report Without a Permissible Purpose*

23. Plaintiff incorporates the preceding paragraphs.

24. ABC acted willfully in requesting and obtaining Mr. Hyde's consumer

1  report without a permissible purpose.

2  25. ABC's conduct in willfully obtaining Mr. Hyde's consumer report
3  without a permissible purpose therefore violated 15 U.S.C. §1681b(f).
4  WHEREFORE, the plaintiff requests that this Court enter judgment in
5  his favor and against defendant ABC as follows:

6      a. pursuant to 15 U.S.C. § 1681n(a)(1)(A), award him actual dam-
7         ages, or not less than $100 and not more than $1,000 for each
8         impermissible access of his consumer report, whichever is
9         greater;

10     b. pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive dam-
11        ages as the Court deems appropriate;

12     c. pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action
13        and reasonable attorney fees; and

14     d. grant such other and further relief as the court deems just and
15        proper.

16 **Count II.   Violation of FCRA**

17 *Negligently Obtaining Consumer Report Without a Permissible Purpose*

18 23. Plaintiff incorporates the preceding paragraphs.

19 24. In the alternative, ABC acted negligently in requesting and obtaining
20 Mr. Hyde's consumer report without a permissible purpose.

21 25. ABC's conduct in negligently obtaining Mr. Hyde's consumer report
22 without a permissible purpose therefore violated 15 U.S.C. §1681b(f).

23 WHEREFORE, the plaintiff requests that this Court enter judgment in
24 his favor and against defendant ABC as follows:

25     a. pursuant to 15 U.S.C. § 1681*o*(a)(1), award him actual damages;

  b. pursuant to 15 U.S.C. § 1681*o*(a)(2), award costs of the action and reasonable attorney fees; and

  c. grant such other and further relief as the court deems just and proper.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED:  March 18, 2015 .

      s/ Floyd W. Bybee
      Floyd W. Bybee, #012651
      **BYBEE LAW CENTER, PLC**
      90 S. Kyrene Rd., Ste. 5
      Chandler, AZ 85226-4687
      Office: (480) 756-8822
      Fax: (480) 302-4186
      floyd@bybeelaw.com

      Attorney for Plaintiff